(34 Misc. Rep. 117.)

### PRUDEN v. RUTLER et al.

(Supreme Court, Special Term, New York County. February 27, 1901.)

MORTGAGE FORECLOSURE—RESALE—MISUNDERSTANDING—DISCRETION OF COURT.

> Property worth $100,000, subject to a $70,000 mortgage, was sold on foreclosure of a junior mortgage of $18,000 to the plaintiff, the mortgagee, for $1,000, and he had a deficiency judgment against defendant for $17,000. The sale was adjourned several times on defendant's request, he each time paying a part of the mortgage debt. He understood the last adjournment was for two weeks, and hence did not attend the sale, and moved for a resale, offering to comply with any conditions imposed. *Held*, that the court had power, in its discretion, to vacate such sale, though it was regular and there was no fraud.

Action by W. Edgar Pruden against Jacob D. Rutler and others. Motion by defendant for a resale of mortgaged premises. Granted.

T. J. O'Callaghan, Jr., for the motion.

Joseph McElroy, Jr., opposed.

McADAM, J. The property is worth $100,000,—perhaps more,—subject to a first mortgage of $50,000, a second mortgage of $20,000, and the mortgage to the plaintiff, on which there is due about $18,000. There were several adjournments of the sale under the decree obtained by the plaintiff on his third mortgage; the defendant each time making payments on account until the mortgage was reduced to about $18,000, as before stated. The defendant evidently intended to protect his property, or he would not have made the payments he did to avert a sale. He swears that he understood that the last adjournment was for two weeks, instead of which the sale was had in one week after such adjournment. The plaintiff, it is true, denies that the adjournment was to be for two weeks. Notwithstanding this conflict, it seems reasonably clear that the defendant was surprised, and did not attend the sale, in consequence of the breach of agreement as to the adjournment, or his misunderstanding concerning it. The plaintiff attended the sale, and purchased the property for $1,000, subject to the two prior mortgages aggregating $70,000; and he has a deficiency judgment against the defendant for over $17,000. The defendant moves for a resale, and offers to submit to any terms that may be imposed as a condition of granting the relief.

The court "has power to set aside and vacate a sale of lands made under a judgment upon a foreclosure of a mortgage, * * * and to order a resale, although there be no fraud, and the sale is in all respects regular." Hale v. Clauson, 60 N. Y. 339, 341. The application is one addressed to the sound discretion of the court, and must be disposed of upon equitable principles. "Where the mortgagee or complainant himself becomes the purchaser, the court has not always held the sale so conclusive as where the property has been purchased by one who was an entire stranger to the suit, who had bid for the purpose of investment merely." Tripp v. Cook, 26 Wend., at page 146. The reason for this will be found in the report of that case, on page 158.

"Where the buyer is the holder of the mortgage, he must surely be content if his debt is paid. He has commonly an entire control over the proceedings

and sale, and has no right to use it for any purpose of advantage beyond secur-
ing himself. Nor does the holder stand upon the same footing of public policy
with other buyers. He seldom purchases for investment or use, and when he
buys in he takes the property in payment of so much debt."

The price at which the property sold was clearly inadequate,—a
feature which cannot be overlooked. Under the circumstances, the
sale will be set aside and a resale ordered upon payment by the de-
fendant of the expenses incurred by the plaintiff at the sale and since,
and upon depositing with the chamberlain, to the credit of the action,
the sum of $5,000 to indemnify the plaintiff against any loss upon the
resale.